92 F.3d 1203
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
IN RE Becky J. SCHROEDER and Charles F. Schroeder
 No. 95-1482.
 United States Court of Appeals, Federal Circuit.
 June 6, 1996.
 
 Before ARCHER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Becky J. Schroeder and Charles F. Schroeder appeal from a decision of the Board of Patent Appeals and Interferences, No. 93-2127 (May 31, 1995), which affirmed a final rejection of the Schroeders' application, serial no. 07/245,894, for a patent directed to an energy saving electroluminescent sheet or panel. We affirm.
 
 
 2
 The Board of Patent Appeals and Interferences affirmed the examiner's final rejection of claims 1-5 "as obvious over [U.S. Patent No. 3,258,906 to] Demby in view of [U.S. Patent No. 3,885,196 to] Fisher, further in view of [U.S. Patent No. 3,328,790 to] Rhodes." The board also sustained the examiner's final rejection of claim 6 as obvious "over the collective teachings of [U.S. Patent No. 3,194,003 to] Polin in view of Rhodes."
 
 
 3
 Whether a combination of references renders a claimed invention obvious "is a question of law subject to full and independent review in this court." In re GPAC, 57 F.3d 1573, 1577, 35 USPQ2d 1116, 1119 (Fed.Cir.1995). Factual findings leading to a conclusion of obviousness are reviewed for clear error. Id. On appeal, the Schroeders have not shown error in the board's ultimate determination of obviousness, nor have they shown clear error in the board's underlying factual findings. We therefore do not disturb the board's determination that claims 1-6 of the application are obvious and therefore unpatentable.*
 
 
 4
 The board also affirmed the examiner's final rejection of claims 7-13, which had been copied from U.S. Patent No. 4,238,793 to Hochstrate, for the purpose of provoking an interference. The board relied on two of the limitations cited by the examiner to hold that the claims failed to meet the written description requirement of 35 U.S.C. § 112 (1994). These limitations require "means for applying an electrical field sequentially across each segment electrode and the common electrode at a predetermined repetition rate" and that the repetition rate be "greater than the decay rate of electroluminescent material." The board stated that the disclosure "does not support the periodic switching of a ground or common line at a rate equivalent to that at which the segment electrodes are pulsed" and that "no specific electrode pulsing arrangement is disclosed." The board also found that there was no support in the Schroeders' specification for the second limitation requiring a repetition rate greater than the decay rate of electroluminescent material. On appeal, the Commissioner of Patents and Trademarks has focused exclusively on the lack of support for the "greater than the decay rate of electroluminescent material" limitation to sustain the board's decision.
 
 
 5
 "[C]ompliance with the 'written description' requirement of § 112 is a question of fact, to be reviewed under the clearly erroneous standard." Vas-Cath Inc. v. Mahurkar, 935 F.2d 1555, 1563, 19 USPQ2d 1111, 1116 (Fed.Cir.1991). In this court the Schroeders argue alternatively that the claim limitations cited by the board are either adequately described in the specification of their pending '894 application, are inherent in the specification of the '894 application, or are adequately described in one of the Schroeders' earlier filed and related applications. The applications, however, only recite that a predetermined or repeated sequence of illumination to produce the appearance of a steady light output is required. Although a "repetition rate greater than the decay rate of electroluminescent material" might be inherent in such a disclosure, they have not met their burden of proving inherency.
 
 
 6
 "[O]ne copying a claim from a patent for the purpose of instituting interference proceedings must show that his application clearly supports the count. There must be no doubt that an application discloses each and every material limitation of the claims and all doubts must be resolved against the copier.... [W]here support must be based on an inherent disclosure, it is not sufficient that a person following the disclosure might obtain the result set forth in the counts; it must inevitably happen." Dreyfus v. Sternau, 357 F.2d 411, 415, 149 USPQ 63, 66 (CCPA 1966)(internal citations omitted); see also Pingree v. Hull, 518 F.2d 624, 627-28, 186 USPQ 248, 251 (CCPA 1975). "To prove inherency, the burden is on appellants to show that the 'necessary and only reasonable construction to be given the disclosure by one skilled in the art is one which will lend clear support to ... [this] positive limitation in the interference count.' " Langer v. Kaufman, 465 F.2d 915, 918, 175 USPQ 172, 174 (CCPA 1972)(quoting Binstead v. Littman, 242 F.2d 766, 770, 113 USPQ 279, 282 (CCPA 1957)). This court has generally applied the "necessary and only reasonable construction" standard "as a basis for determining whether an application could, on the basis of an inherent property, support a limitation in an interference count." Kennecott Corp. v. Kyocera Int'l, Inc., 835 F.2d 1419, 1423, 5 USPQ2d 1194, 1198 (Fed.Cir.1987) (citations omitted).
 
 
 7
 The Schroeders' have pointed to no evidence in support of their interpretation of what their disclosures would expressly or inherently convey to one of ordinary skill in the art. They offered only the opinion of their patent counsel who argued this appeal. Thus, they have shown little more than the existence of a difference of opinion between their counsel and the board. That cannot establish reversible error. The Schroeders' other assignments of error are similarly unpersuasive.
 
 
 
 *
 Claims 1-6 were also rejected under the doctrine of obviousness-type double patenting. At oral argument, counsel for the Schroeders informed this court that a terminal disclaimer had been filed which rendered this rejection moot